NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CORA J. WALLER, on her own behalf and as a personal representative of the estate of Glen Ray Cockrum, Jr.,

    Plaintiff - Appellant,

 v.

CITY OF NOGALES; ROY BERMUDEZ; NICOLAS ACEVEDO; GUADALUPE VILLA; ROBERT GALLEGO; MARIO LOPEZ; GERARDO BATRIZ; JOSE PIMIENTO,

    Defendants - Appellees,

and

COUNTY OF SANTA CRUZ, JOSEPH BUNTING, DAVID HATHAWAY,

    Defendants.

No. 24-1864

D.C. No.
4:22-cv-00244-RCC

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted March 31, 2025
Phoenix, Arizona

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, FISHER[**], and R. NELSON, Circuit Judges.

This is an appeal of a 42 U.S.C. § 1983 suit, brought by Cora J. Waller, individually and as a personal representative of the estate of Glen R. Cockrum, Jr., alleging excessive deadly force in violation of the Fourth Amendment. The District Court granted summary judgment in favor of the officer defendants, holding they were entitled to qualified immunity. We affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment, as well as its conclusions regarding qualified immunity, de novo. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017); *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2014) (en banc).

This case is best resolved on the second prong of the qualified immunity analysis. *See O'Doan v. Sanford*, 991 F.3d 1027, 1036 (9th Cir. 2021). Cockrum did not have a clearly established right against deadly force such that the officers knowingly violated the Fourth Amendment.

A right is clearly established where existing precedent places the constitutional question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). This case is different from our prior cases finding Fourth Amendment violations for excessive force. Previous cases predominantly concern fleeing

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the Court of Appeals, 3rd Circuit, sitting by designation.

vehicles that pose no threat to officers or third parties and those that are average-sized and fast-moving. *See, e.g.*, *Villanueva v. California*, 986 F.3d 1158, 1162–63 (9th Cir. 2021); *Orn v. City of Tacoma*, 949 F.3d 1167, 1171–73 (9th Cir. 2020). Further, a driver's speed is not our only consideration. *See, e.g.*, *Wilkinson v. Torres*, 610 F.3d 546, 552 (9th Cir. 2010) (a minivan moving slowly as it slipped through mud "could . . . gain[] traction at any time, resulting in a sudden acceleration in speed").

Here, Cockrum engaged in likely felony assault; committed multiple traffic offenses on crowded city streets and within high-risk, highway-construction zones; intentionally struck other vehicles; disregarded orders to surrender; and triggered a pursuit lasting over an hour through highways and suburban roads. Compounding the danger, Cockrum was operating a semitruck—a vehicle that, even at reduced speeds, presents significantly greater risk than an average-sized vehicle. The officers were aware that the situation posed an immediate and ongoing threat to law enforcement and to public safety, as details of Cockrum's flight and noncompliance had been reported through radio dispatch. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 11–12 (1985). The officers tried various methods to stop Cockrum, but none were successful before resorting to deadly force. *Cf. Adams v. Speers*, 473 F.3d 989, 991–94 (9th Cir. 2007) (officers violated a clearly established right where they did not warn or use alternative methods to stop

3                                                                    24-1864

a suspect who posed no threat to the public and had no opportunity to escape).

Our sister circuits do not provide guidance, either, as there is no broad consensus of cases clearly establishing a right against deadly force in like circumstances. *See Waid v. Cnty. of Lyon*, 87 F.4th 383, 388 (9th Cir. 2023). The factual differences are simply too vast, and there is a lack of precedent involving chases with semitrucks. The officers are entitled to qualified immunity.

**AFFIRMED.**

24-1864